[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11099
Non-Argument Calendar
_____

D.C. Docket No. 3:12-cr-00008-CAR-CHW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE FRANCISCO NAVARRO-HERNANDEZ,

Defendant -Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(April 1, 2014)

Before HULL, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Jose Francisco Navarro-Hernandez appeals his conviction for illegally

reentering the United States after deportation.  See 8 U.S.C. § 1326(a), (b)(2).

Navarro-Hernandez conditionally pleaded guilty to the offense after the district court granted the motion in limine of the government to prevent Navarro-Hernandez from arguing as a defense that he was entitled to derivative citizenship because, during his youth, he was a ward of the State of Texas. We affirm.

The district court did not abuse its discretion when it granted the motion in limine of the government. See United States v. Thompson, 25 F.3d 1558, 1563 (11th Cir. 1994). Navarro-Hernandez was not entitled to derivative citizenship by virtue of being a ward for two years of the Dallas Child Welfare Unit of the Texas Department of Human Resources. Under the provisions of the Immigration and Nationality Act in effect when Navarro-Hernandez was a ward of Texas, a child of "alien parents" or of "an alien parent and a citizen parent who ha[d] subsequently lost citizenship" could become a citizen in one of three ways: (1) the naturalization of both parents; (2) the naturalization of a surviving parent if one parent had died; or (3) the naturalization of the parent having legal custody of the child when the parents had legally separated, or the naturalization of the mother if the child had been born out of wedlock and the paternity of the child had not been established, 8 U.S.C. § 1432(a) (repealed 2000). See Tullius v. Albright, 240 F.3d 1317, 1320 (11th Cir. 2001). Navarro-Hernandez argues that Texas became his parent by operation of the equitable doctrine of adoption by estoppel, but adoption by estoppel is a remedy available under Texas law by which a child, who has lived

2

with an adult as a parent, but who has not been formally adopted, can assert a right of succession when the parent dies intestate.  See Cavanaugh v. Davis, 235 S.W.2d 972, 973–74 (Tex. 1951).  Navarro-Hernandez cites no caselaw, nor have we discovered any, that extends the equitable doctrine of adoption by estoppel to a state government.  And the immigration law contemplates that sovereigns are not persons or citizens.  See 8 U.S.C. § 1101(a) (3) ("The term 'alien' means any person not a citizen or national of the United States."); id. § 1101(a)(23) ("The term 'naturalization' means the conferring of nationality of a state upon a person after birth, by any means whatsoever.").  Navarro-Hernandez was not entitled to present a defense that was not legally cognizable.

We **AFFIRM** Navarro-Hernandez's conviction.